### KELLER v. NEW ORLEANS PUBLIC SERVICE, Inc., et al.

### No. 16971.

Court of Appeal of Louisiana. Orleans.

June 13, 1938.

Wood Brown, of New Orleans, for appellant.

Alvin R. Christovich and William W. Ogden, both of New Orleans, for appellee.

McCALEB, Judge.

On October 9, 1937, at about 7:30 p. m., E. J. Keller, a minor 17 years of age, received personal injuries when an automobile, owned and driven by one James Stockton, in which he was riding as a guest, collided with a street car of the New Orleans Public Service, Inc. at the intersection of Poydras and Tchoupitoulas Sts. in the City of New Orleans. His father, Claude R. Keller, proceeding individually and on his behalf, filed this suit against the defendant company and Alfred Stogna, the motorman of the street car, for the recovery of damages, alleging that the accident was caused through the fault of the motorman in that he was operating the street car at a reckless rate of speed in excess of 30 miles per hour; in that he failed to keep a proper lookout and entered the intersection after the Stockton car had already preempted the crossing and in that the street car was being operated without proper brakes and at a speed at which it could not be adequately controlled by the application of the brakes.

In due course, the defendants appeared and denied that they were guilty of any negligence whatsoever and averred that the accident was caused solely through the fault and carelessness of Stockton. Alternatively, they set forth that, if it should be found that they were imprudent in any respect, then plaintiff's son was guilty of such contributory negligence as to bar recovery.

In the trial court, there was judgment in favor of the defendants and plaintiff's suit was dismissed. Hence this appeal.

This matter involves purely questions of fact and, as usual in this type of litigation, the evidence of the witnesses produced by the opposing parties is directly in contrast. The transcript, nevertheless, discloses certain undisputed facts which we find to be as follows:

The accident occurred at the intersection of Poydras and Tchoupitoulas Sts. which cross at right angles. Both of these thoroughfares are paved and Poydras St. is considerably wider than Tchoupitoulas St. The street car was being operated on Tchoupitoulas St. in the direction of uptown while the automobile was being driven on the right side of Poydras St. towards the Mississippi River. The weather conditions were not favorable as it was raining heavily.

Stockton stated that he was driving his car on Poydras St. at a speed of approximately 20 miles per hour; that he had his windows closed because of the rain; that his windshield wiper was working; that, when he approached Tchoupitoulas St., he slowed down to about 15 miles per hour and proceeded across the intersection; that, just as he arrived at the center of the car track on Tchoupitoulas St., he noticed the street car for the first time; that, when he saw it, it was so near to him that a collision was inevitable; that, in order to avoid it, he swerved his car sharply to the right and that the street car struck the body of his automobile on the left rear fender and wheel causing it to be shunted to the right, past the uptown curbing of Poydras St., into the lakeside of Tchoupitoulas St., where it finally stopped against a post.

E. J. Keller, the injured boy, made a feeble attempt to corroborate Stockton's declaration but a close analysis of his statement warrants the conclusion that he knows very little about the accident.

Plaintiff's other witness, Kirkwood, stated that he was on the sidewalk in front of his place of business, 409 Poydras St., which is located on the downtown side thereof between Tchoupitoulas and Magazine Sts. He saw neither the street car nor the automobile prior to the collision but his attention was attracted as soon as he heard the crash. He says that, from where he was standing, it seemed to him that the street car struck the automobile after the latter had almost preempted the street car tracks and that the impact caused the motor car to swerve back to the right hand side into Tchoupitoulas St. where it finally struck a post. He further asserts that the street car proceeded forward and came to a stop approximately two car lengths from the point of the impact and that the left rear fender and wheel of the automobile was damaged in the accident.

On the other hand, Stogna, the motorman of the street car, states that he was proceeding on Tchoupitoulas St. at a speed of not over 8 miles per hour because one

of his motors had burned out; that, when he arrived at the intersection of Poydras St., he slowed down to approximately 2 or 3 miles per hour and, finding that it was clear, started across and that he had preempted the intersection, and was approximately three-fourths across it, when the right front door of the street car was struck a violent blow. He asserts that he was jolted considerably by the collision but, notwithstanding this, he was able to apply his brakes and stop his car within the distance of a car length from the point of the impact.

One Byron Perrin, a passenger of the street car, testified that, while he did not see the accident, he felt the crash and that, at the time of the occurrence, the street car was approximately three-fourths over the intersection. To the same effect is the testimony of Paul Argence, the conductor of the car.

Defendants' witnesses, Stogna, Perrin, Fiegel and Geisler (the latter two being repair men in the employ of the street car company), all declare that examination of the street car disclosed that it was damaged on its right front side, particularly upon the rear portion of the right front door.

The trial judge, who had an opportunity to see and hear the witnesses, accepted the defendants' testimony and found that they were without fault. We are unable to perceive manifest error in his conclusion on this question of fact.

Counsel for plaintiff nevertheless persists that the result reached is erroneous because it is not supported by the physical facts of the case. He argues that the fact that the automobile was damaged on its left rear side exhibits that it had almost preempted the street car tracks on Tchoupitoulas St. at the time of the impact and that the fact that it came to rest in Tchoupitoulas St. (on the uptown lakeside of the Poydras St. intersection) was the natural result to be expected when the driver of the vehicle swerved to his right. We do not think so. Conversely, it is our view that young Stockton drove his car into the intersection at a speed in excess of 15 miles per hour without exercising any lookout whatsoever and that, at that time, the street car was traversing the intersection and had already negotiated the downtown side of Poydras St. It was then that Stockton, for the first time, became aware of its presence and, in order to extricate himself from the predicament, swerved sharply to his right into Tchoupitoulas St.

In so doing, the left rear side of his vehicle struck or skidded into the right front door of the street car and, as a consequence, his automobile was knocked over upon the lakeside of Tchoupitoulas St.

We therefore conclude that the sole cause of the accident was the negligence of Stockton and that the motorman of the street car was not to blame.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.